UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

PETITION OF JOHN AND BRUNNA CORNELL, AS OWNERS PRO HAC VICE OF AND FOR M/V TIMELESS, A 2023 CROWNLINE E235XS, HULL IDENTIFICATION NUMBER KIS89500C323, HER ENGINES, TACKLE, AND APPURTENANCES,

Petitioner.
_______________________________________/

Case No. 8:24-cv-00900-SDM-NHA

**REPORT AND RECOMMENDATION**

I recommend that Claimant Peter Mackey's Motion to Dismiss (Doc. 19) be granted, and that the petition filed by John and Brunna Cornell (Doc. 1) be dismissed without prejudice. The petition fails to plead facts demonstrating Petitioners' right to proceed under the Limitation of Liability Act and fails to plead the facts expressly required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## I. Limitation of Liability Actions

"Admiralty and maritime law includes a host of special rights, duties, rules, and procedures." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). Among them is the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., which allows a vessel owner to limit liability for damage or

injury that occurs without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel. 46 U.S.C. § 30529; *Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323, 1325 (11th Cir. 2019). The Limitation of Liability Act applies to "seagoing vessels and vessels used on lakes or rivers or in inland navigation, including canal boats, barges, and lighters," but does not apply to "covered small passenger vessels." 46 U.S.C. § 30502.

The procedures for seeking exoneration from or limitation of liability for damage are governed by both the Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq., and Supplemental Rule F of the Supplemental Rules for certain Admiralty and Maritime claims. Under Supplemental Rule F(2), a petitioner seeking limitation of liability "shall" state in its complaint specific facts about the vessel and about the circumstances surrounding the accident, and must "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Supp. R. F(2).

## II. Background

On July 30, 2023, a 2023 Crownline E235XS controlled by Petitioners John and Brunna Cornell (the Vessel), collided with a vessel owned by Peter Mackey on navigable waters east of Manatee County, Florida. Petition (Doc. 1) at ¶ 12, 14.

On April 12, 2024, Petitioners filed this admiralty action, seeking exoneration from, or limitation of, liability for the accident. *Id.* In response, Mr. Mackey moved to dismiss the Petition. Doc. 19. Mr. Mackey argued that Petitioners could not bring an action under the Limitation of Liability Act, 42 U.S.C. § 30501 *et seq.*, because the statute did not apply to "covered small passenger vessels," such as Petitioners' Vessel, and Petitioners did not own the vessel. Mtn. to Dismiss (Doc. 19), pp. 2–3 (citing 46 U.S.C. § 30502(b)). Mr. Mackey further asserted that the Petition was defective under Supplemental Rule F, because it (1) "fails to state anything regarding the voyage," (2) fails to identify who is in possession of the wreckage or proceeds; (3) and fails to plead facts demonstrating Petitioners' right to limit their liability. *Id.* at pp. 4–5.

Petitioners opposed the motion to dismiss[1] arguing that (1) the Limitation of Liability Act applied to Petitioners' Vessel, which is not a "covered small passenger vessel," (2) the Limitation of Liability Act applied to Petitioners as pro hac vice owners of the vessel, and (3) the Petition was sufficiently pled. Response (Doc. 26).

[1] Mr. Mackey's motion to dismiss fails to comply with Local Rule 3.01(g). Nonetheless, it is clear from the docket that the motion if opposed. *See* Doc. 26. Mr. Mackey is warned that his failure to comply with Local Rule 3.01(g) in future filings may result in his motions being denied.

## III. Analysis

a. The Pleading Does Not Demonstrate that the Limitation of Liability Act Applies to the Vessel.

Mr. Mackey first argues that the Limitation of Liability Act does not apply to the Vessel, which he argues was a "covered small passenger vessel" specifically excluded under the Act. Mtn. to Dismiss (Doc. 19) at pp. 2–3. Petitioners dispute that the Vessel fell within that definition. Response (Doc. 26) at pp. 2–5.

The Limitation of Liability Act applies to "seagoing vessels and vessels used on lakes or rivers or in inland navigation, including canal boats, barges, and lighters." 46 U.S.C. § 30502(a). But, beginning on December 23, 2022, the Limitation of Liability Act no longer applied to "covered small passenger vessels." *Id.* § 30502(b). The Act defines a "small passenger vessel" as "a vessel of less than 100 gross tons . . . (A) carrying more than 6 passengers, including at least one passenger for hire; (B) that is chartered with the crew provided or specified by the owner or the owner's representative and carrying more than 6 passengers; (C) that is chartered with no crew provided or specified by the owner or the owner's representative and carrying more than 12 passengers; (D) that is a submersible vessel carrying at least one passenger for hire; or (E) that is a ferry carrying more than 6 passengers." *Id.* § 2101(47). The Act defines a "covered small passenger vessel" as a "small passenger vessel" that

is not a wing-in-ground craft and that is carrying "not more than 49 passengers on an overnight domestic voyage; and [] not more than 150 passengers on any voyage that is not an overnight domestic voyage." *Id.* § 30501(1).

It is the Petitioner's burden to show, in the Petition, that the Limitation of Liability Act applies. *E.I. Du Pont De Nemours & Co. v. Bentley*, 19 F.2d 354, 354 (2d Cir. 1927) ("It must appear from the pleading itself that the petitioner is a charterer of the kind described in the statute . . . . Whether other facts might bring him within the statute we need not inquire. We must go by the pleading."); *Complaint of Chesapeake Shipping, Inc.*, 778 F. Supp. 153, 155 (S.D.N.Y. 1991) ("One seeking to invoke the limitation of liability statute bears the burden of pleading facts establishing entitlement to do so."). The Court's review on motions to dismiss is limited to the four corners of the petition. *E.I. Du Pont De Nemours & Co.*, 19 F.2d at 354 (relying on the pleading alone).

The Petition states that, during the relevant voyage, Petitioners had "rental and dominion and control over the vessel," and the Vessel carried "guests." Petition (Doc. 1) ¶¶ 6, 13. But the Petition alleges nothing concerning the weight of the boat, whether it is a wing-in-ground craft, and the number of passengers on the boat. *See id.* The Petition thus fails to plead facts sufficient to demonstrate that the Limitation of Liability Act applies to the Vessel. *See* 46 U.S.C. § 30502. This reason alone is sufficient to recommend that the Court dismiss the Petition without prejudice.

b. The Pleading Contains Sufficient Information to Establish that the Limitation of Liability Act Covers Petitioners.

Mr. Mackey next argues that Petitioners' allegation that they had "rental and dominion and control over the vessel," Petition (Doc. 1) ¶ 6, is insufficient to invoke the protections of the Limitation of Liability Act, which covers only owners of vessels. Mtn. to Dismiss. Doc. 19 at p. 3.

The Limitation of Liability Act defines "owner" as a "charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement." 46 U.S.C. § 30501(2). Courts have expanded the definition of owner or charterer to encompass parties in analogous situations who exercise dominion and control over a vessel and are, therefore, owners pro hac vice, even if not technically charterers. *See Petition of the United States*, 259 F.2d 608, 609 (3d Cir. 1958) (noting that the words "charter" or "charter party" need not be present in a contract in order for the person taking over the operation of the ship to be considered a charter party or temporary owner); *Dick v. U.S.*, 671 F.2d 724, 727 (2d Cir. 1982) (The term "owner" is to be interpreted in a "liberal way."). Rather, "one who is subjected to a shipowner's liability because of [its] exercise of dominion over a [i.e., relationship to] a vessel should be able to limit [its] liability to that of an owner." *In re Houseboat Starship II*, 2005 WL 3440788, at * 3 (M.D. Tenn. Dec. 12, 2005) (quoting *Complaint for Exoneration of or Limitation of Liability of Shell Oil Company,*

*et al.*, 780 F. Supp. 1086 (E.D. La. 1991) (entitling both owner and "de facto operator of the vessel" to limit their liability)). In other words, "if the petitioner may be held liable because of [its] ownership or control of the vessel, [it] can maintain a petition to limit [its] liability." *Complaint of Chesapeake Shipping, Inc.*, 778 F. Supp. 153, 156 (S.D.N.Y. 1991); *Houseboat Starship II*, 2005 WL 3440788 at *3 ("[T]he act is designed to cover one who is a 'likely target' for liability claims" predicated on its status as the entity "perhaps ultimately responsible for the vessel's maintenance and operation."); *In re Complaint for Exoneration From or Limitation of Liability of Shell Oil Co.*, 780 F. Supp. at 1089–90 ("The rule that emerges from all of the cases interpreting ownership . . . is that if the plaintiff in limitation may be held liable because of his ownership or control of the vessel, then he can maintain a limitation action.").

The question, then, is whether the Petition establishes that Petitioners exercised sufficient dominion and control over the vessel to be owners pro hac vice even though not technically title-holding owners. The Petition states that Petitioners had "rental and dominion and control over the vessel" and that others involved in the collision have filed third-party claims against Petitioners "based upon their claimed dominion and control relationship to the vessel Petition." (Doc. 1) ¶ 6. I find these allegations sufficient to establish that Petitioners were pro hac vice owners such that the Limitation of Liability Act covers them.

c. The Pleading Omits Information Required under Supplemental Rule F.

Mr. Mackey also moves to dismiss the Petition because it fails to include information required by Supplemental Rule F.

Supplemental Rule F(2) dictates the information that a complaint (which is also known as a petition) seeking to limit a vessel owner's liability must contain. Relevant to Mr. Mackey's motion, the Rule requires that a petition identify (1) "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination"; (2) "whether the vessel was damaged, lost, or abandoned, and, if so, when and where"; (3) "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are;" and (4) "facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited."

Mr. Mackey argues the Petition falls short of these requirements, because it fails to state: (1) the port from which the vessel left, the location for which it was destined, and the place of the vessel's termination; (2) who is in possession of the vessel or her wreckage, strippings, or proceeds; and (3) "a sufficient factual basis supporting the Cornells being entitled to protection under the Limitation Act." Mtn. to Dismiss (Doc. 19) at pp. 4–5.

Petitioners respond that they have satisfied the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure and that, in any event, the requisite information can be inferred from their Petition. Response (Doc. 26) at pp. 6–8.

1. The Applicable Pleading Standard

Petitioners argue that they need not comply with Supplemental Rule F, because their pleading passes muster under Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to admiralty claims "except to the extent that they are inconsistent with the[ ] Supplemental [Admiralty] Rules." Supp. R. A(2). To the extent that Supplemental Rule F(2) enumerates specific information that a petition must contain (such as the date and place of a voyage's termination), there is no doubt that it is inconsistent with Federal Rule of Civil Procedure 8(a)'s requirement that a complaint only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2). Therefore, Supplemental Rule F(2) controls. A petition must contain the information specified in Rule F(2).

A petition must plead each fact required by Supplemental Rule F in accordance with Rule 8's pleading standard. *See Bensch v. Est. of Umar*, 2 F.4th 70, 79 (2d Cir. 2021) ("[T]he language of Rule F(2), which requires a recitation of 'the facts on the basis of which the right to limit liability is asserted' is fully compatible with the emphasis on pleading concrete facts that was announced

in *Twombly* and *Iqbal*."); *see also Kaminski v. Ervin*, No. JKB-15-3791, 2016 WL 3997296, at *2 (D. Md. July 25, 2016) ("In determining the sufficiency of a plaintiff's claim for limitation of liability, courts have applied a standard consistent with the standard applicable to Rule 8(a)[.]"); *cf Petition of M/V Sunshine, II*, 808 F.2d 762, 764 (11th Cir. 1987) (the facts pleaded need not be "elaborate," but must be "full and complete"). So, for example, Rule 8's pleading requirements apply to a petitioner's obligation to describe "the voyage," and "the basis of which the right to limit liability is asserted."

However, Rule 8 does not override Supplemental Rule F(2)'s requirement that petitions contain specific information, including "whether the vessel was damaged, lost, or abandoned, and, if so, when and where;" the "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination;" "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are;" "the facts on the basis of which the right to limit liability is asserted;" and "all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited."

2. The Petition Fails to State Facts Required by Supplemental Rule F.

Mr. Mackey asserts that the Petition fails to state facts required by Supplemental Rule F. I agree that the Petition falls short.

Supplemental Rule F(2) requires that a petition state "the voyage if any, on which the demands sought to be limited arose." Mr. Mackey argues that the Petition "fails to state anything regarding the voyage other than the date of the incident and the general location of occurrence." Mtn. to Dismiss (Doc. 19) at p. 4. Indeed, the Petition states only that John and Brunna Cornell had "rental and dominion and control over the vessel" on July 30, 2023, when, "on navigable waters east of Manatee County, Florida, [it] allegedly collided with a vessel bearing Hull Identification No. DON43VL1K304, owned by Peter J. Mackey." Pet. (Doc. 1) ¶ 6, 12. To the extent a voyage is defined as a vessel's travel from one place to another,[2] these allegations fall short. The Petition does not describe the port from which the Vessel left, nor the location for which it was destined. Petitioners allege facts describing the incident, but not the voyage. Thus, the Petition is insufficient under Supplemental Rule F(2).

Next, Supplemental Rule F(2) requires that a petition state "whether the vessel was damaged, lost, or abandoned, and, if so, when and where." Mr.

[2] *See* VOYAGE, Black's Law Dictionary (11th ed. 2019) (defining "voyage" as "The passing of a vessel by sea from one place, port, or country to another. Courts generally hold that the term includes the entire enterprise, not just the route.")

Mackey argues that the Petition omits whether the vessel was damaged, and fails to get a specific description of the location where the damage, if any, occurred. Mtn. to Dismiss (Doc. 19) at pp. 4–5. The Petition states the collision occurred "on navigable waters east of Manatee County, Florida," but it does not specify whether the accident ended the voyage (i.e., sunk the vessel) or whether the boat continued elsewhere and, if so, where and when. Pet. (Doc. 1) at ¶ 12. These allegations are insufficient. *See In re Twenty Grand Offshore, Inc.*, 313 F. Supp. 851, 854 (S.D. Fla. 1970) ("The mere allegation of the [incident] does not necessarily give rise to a conclusive presumption that the voyage then and there terminated."); *In re Lauritsen*, No. 04 C 3550, 2004 WL 2065057, at *2 (N.D. Ill. Sept. 13, 2004) ("Lake Erie is an extremely large body of water. We find that such a general reference to the location of the voyage is insufficient.") (citing *In re Sunshine II*, 808 F.2d at 764 (stating that since fault by the owner of the vessel impacts the applicability of the Limitation of Shipowner's Liability Act, the complaint must be "full and complete.")).

Supplemental Rule F(2) requires that a petition state "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are." Mr. Mackey points out that the Petition does not meet the latter requirement either. Mtn. to Dismiss (Doc. 19) at p. 4. He is correct.

Petitioners argue that all information listed under Supplemental Rule F can be inferred from their Petition. *See* Response (Doc. 26) at p. 7. But this is not enough. Additionally, Petitioners assert that they satisfied the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See id.* at pp. 6–8. But, as previously discussed, Rule 8 does not excuse Petitioners from compliance with Supplemental Rule F(2). I recommend the Petition be dismissed for its failure to comply with the pleading requirements enumerated under the rule.

3. The Pleaded Facts Are Insufficient to Demonstrate a Limitation of Liability Act Claim.

Finally, Mr. Mackey alleges that the Petition "does not set forth a sufficient factual basis supporting Freedom Boat Club being entitled to protection under the Limitation Act." Mtn. to Dismiss (Doc. 19) at p. 4.

Supplemental Rule F requires that Petitioners "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Supp. R. F(2). Mr. Mackey argues, essentially, that Petitioners fail to sufficiently plead facts showing their entitlement to relief because they were not at fault. Mtn. to Dismiss (Doc. 19) at p. 4. I find for Mr. Mackey on this issue.

Petitioners allege in the Petition that their liability should be limited because "Petitioners exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations," "Petitioners employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident," "Petitioners exercised reasonable care under circumstances," "[t]he Vessel, at all times material to this action, was reasonably manned, utilized and operated," and "Petitioners were qualified, properly trained, and experienced in the use and operation of the Vessel," Petition (Doc. 1), at ¶¶ 10, 11, 20, 22, 23.

Mr. Mackey claims this is insufficient, and that Petitioners were required to provide specific information about the accident itself, rather than "stat[ing] only general allegations related to the underlying accident." Motion to Dismiss (Doc. ), at p. 4. Mr. Mackey relies on the Eleventh Circuit's decision in *M/V Sunshine II* for the proposition that, "[w]here the cause and harm arise from a collision between two vessels," it is insufficient "to allege . . . that [the two boats] collided, that [the petitioner's boat] was free from fault, and that all fault was on the [other boat]." 808 F.2d at 764.

And, of course, Rule 8 requires that Petitioners plead specific facts, not conclusory allegations, to support their entitlement to relief, which here, requires them to show that the injury occurred without their privity or knowledge (e.g., that they were not at fault).

Like in *M/V Sunshine II*, Petitioners were operating their Vessel at the time of the collision. Petition (Doc. 1) ¶ 6. *M/V Sunshine II* requires Petitioners to plead specific facts, not conclusory allegations, to demonstrate that they were not at fault. That is, they must plead facts supporting their conclusory statements that they "exercised reasonable care under circumstances" and that the Vessel was reasonably operated. Petitioners have not met the Eleventh Circuit's requirement that petitioners "fully and complete[ly]" state the facts supporting their right to limited liability. *M/V Sunshine, II*, 808 F.2d at 764. Accordingly, I recommend that the District Court also dismiss the Petition based on this argument.

## IV. Conclusion

Because the Petition fails to plead facts showing that the Limitation of Liability Act applies to the Vessel, and omits factual allegations required by Supplemental Rule F, I recommend that Mr. Mackey's Motion to Dismiss (Doc. 19) be **GRANTED** and the Petition be **DISMISSED WITHOUT**

**PREJUDICE**, with leave to re-file within 30 days.

Submitted for the District Court's consideration on December 9, 2024.




**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.